**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDUARDO IBARRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORWARD AIR SERVICES, LLC,<br>A Delaware limited liability company,<br><br>Defendant. | Case No. 19-cv-1949 |

**NOTICE OF REMOVAL**

Defendant Forward Air Services, LLC ("Defendant"), for its Notice of Removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, states as follows:

**State Court Action**

1. Plaintiff Eduardo Ibarra ("Plaintiff") commenced a civil action in the Circuit Court of Cook County, Illinois, by filing a Complaint on February 25, 2019, captioned Eduardo Ibarra v. Forward Air Services, LLC, Case No. 2019CH02462. Forward Air was served with the Summons and Complaint on March 8, 2019. Copies of the Complaint and Summons are attached as Exhibit A.

**Timeliness**

2. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b) in that it is filed within thirty (30) days after March 8, 2019, the first date on which Defendant was

served with a copy of the Complaint, the first pleading from which it could be ascertained that the action is removable.

## Nature of Claims

3. Plaintiff brings a Class Action Complaint ("Complaint") against Defendant pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). (Complaint, ¶¶ 1,4). Plaintiff purports to bring this Complaint on behalf of himself and a Class defined as follows: "All residents of the State of Illinois who had their fingerprint collected, captured, received, otherwise obtained, or disclosed by Forward while residing in Illinois." (Complaint, ¶35).

## Bases for Removal

### A. Diversity Pursuant to 28 U.S.C. § 1332

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's claims because of diversity of citizenship and the amount in controversy exceeds $75,000.

5. At the time Plaintiff filed its action, and to the present date, complete diversity of citizenship exists between Plaintiff and Defendant:

   a. Plaintiff is a resident of Illinois. (Complaint, ¶7)

   b. Defendant is a Delaware limited liability company, with its principal place of business in Greeneville, Tennessee. (Complaint, ¶8). Limited liability companies "have the citizenships of their members." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016).

   c. Defendant's sole member is Forward Air, Inc. ("FAI"), a Tennessee corporation with its principal place of business in Greeneville, Tennessee. FAI is a wholly-owned subsidiary of Forward Air Corporation ("FAC"), also a Tennessee

corporation with its principal place of business in Greeneville, Tennessee. (Morris Declaration, ¶¶ 2, 3). Thus, FAI and FAC are citizens of Tennessee pursuant to 28 U.S.C. § 1332(c)(1).

6. On "behalf of themselves and the Class" that Plaintiff purports to represent, Plaintiff is seeking, *inter alia*, "liquidated damages of $1,000 per violation for each of Defendant's negligent violations of the BIPA" and "reasonable attorneys' fees and costs and expenses." (Complaint, ¶52).

7. Since January 1, 2018, FAS has employed approximately 167 employees who have used finger-scanning equipment to clock in and out of work. Since January 1, 2014, FAS has employed approximately 453 employees who have used finger-scanning equipment to clock in and out of work. These employees have clocked in and out using the finger-scanning system over one million times. (Morris Declaration, ¶4).

8. In his Complaint, Plaintiff alleges he was required to scan his fingerprints each time he clocked in or out of work and each time he accessed Defendant's "biometric device." (Complaint, ¶¶ 21, 28, 29). Thus, on the face of his Complaint, Plaintiff alone may have scanned his finger more than 75 times during his employment with Defendant.

9. Accordingly, at the time Plaintiff filed its action, and to the present date, the allegations of Plaintiff's Complaint indicate the amount in controversy exceeds $75,000.

10. This action, therefore, is removable to the Court pursuant to 28 U.S.C. §§ 1332 and 1441 based on the Court's original diversity jurisdiction.

**B. Removal Is Proper Under CAFA**

11. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because this is a purported "class action" (Complaint, ¶¶ 1, 4, 35) in which (A) minimal diversity exists;

- 4 -

and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant").

12. Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." Here, Plaintiff is from Illinois and Defendant is from Tennessee.

13. The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The complaint alleges that each class member is entitled to statutory damages of up to $1,000 "per violation" and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. §1332(d)(6). Since January 1, 2018, FAS has employed approximately 167 employees who have used finger-scanning equipment to clock in and out of work. Since January 1, 2014, FAS has employed approximately 453 employees who have used finger-scanning equipment to clock in and out of work. (Declaration of Michael J. Morris attached hereto as Exhibit B, ¶4). Looking at a one-year period, 167 employees who scanned their finger in and out for 260 days/year at $1,000 "per violation," would equate to $86,840,000 (167 employees x 2 scans/day = 334 scans x 260 work days/year = 86,840 x $1,000 = $86,840,000). Thus, the maximum amount in controversy is in excess of $5,000,000. (*Id.*).

**Notice**

14. Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Circuit Court of Cook County, and is being served upon Plaintiff. A copy of Defendant's Notice of Filing of Notice of Removal is attached as Exhibit C.

15. This action is, therefore, properly removable to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, and Defendant hereby removes this action to this Court.

WHEREFORE, Defendant respectfully requests that this matter be removed to the United States District Court for the Northern District of Illinois, and requests that this Court assume full jurisdiction over this action as provided by law.

Dated: March 21, 2019

Respectfully submitted,

FORWARD AIR SERVICES, LLC

By: s/ Craig R. Thorstenson
Attorney for the Defendants
Craig R. Thorstenson
IL ARDC#: 6198153

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing NOTICE OF REMOVAL was filed electronically with the Northern District of Illinois on March 21, 2019, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

Service of this NOTICE OF REMOVAL was made upon the following NON-ECF user by depositing same in the U.S. Mail depository located at 180 North Stetson Avenue, Chicago, Illinois, with proper first class postage prepaid, before the hour of 5:00 p.m. on March 21, 2019, addressed as follows:

David Fish
Seth Matus
Kimberly Hilton
John Kunze
**THE FISH LAW FIRM, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, IL 60563

s/Craig R. Thorstenson
Attorney for Defendants
Craig R. Thorstenson
IL ARDC # 6198153

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

WSACTIVELLP:10433622.1